ESTEB, PLAINTIFF-APPELLEE, *v.* ESTEB, DEFENDANT-APPELLANT.

Ohio Appeals, Ninth District, Summit County.

No. 5098.   Decided June 19, 1961.

Messrs. *Olds, Maher & Olds, Mr. James Olds,* of counsel, for plaintiff-appellee.

Mr. *E. H. Hauenstein,* for defendant-appellant.

(KOVACHY, P. J., SKEEL and HURD, JJ., of the Eighth District, sitting by designation in the Ninth District.)

*Per Curiam.* This is an appeal on questions of law from a judgment entered in the Court of Common Pleas of Summit County wherein plaintiff husband was granted a divorce and allowed alimony because of the ''aggression'' of the defendant wife.

No bill of exceptions has been filed so that the evidence presented before the trial court is not before us.

Defendant-appellant's assignments of error are:

''1) In granting a divorce to the plaintiff

''2) In basing the amount awarded to the defendant on her 'aggression' thereby presumptively, if not conclusively granting to her an amount less than that to which she was entitled.''

There being no bill of exceptions, the assignment of error No. 1 must be overruled.

We thus come to the consideration of assignment of error No. 2. The part of the judgment bearing on assignment of error No. 2 reads:

''That the defendant is the owner of the legal title to an undivided one-half interest in the premises described in the plaintiff's amended petition. That there was no fraud on the part of the defendant, nor any mistake on the part of the plaintiff, concerning the transfer of said undivided one-half interest in the real estate from plaintiff to defendant, but that it would be manifestly unfair to permit the defendant to retain said undivided one-half interest, in view of her aggression, and the fact that this property originally belonged to plaintiff. * * *

"It is further adjudged that plaintiff be and he is hereby awarded as alimony all of the defendant's right, title and interest in the premises described in the amended petition and it is ordered that the defendant shall forthwith convey all of her interest in said premises by quit-claim deed to the plaintiff provided * * * the plaintiff shall pay to the defendant one thousand six hundred seventy-five and 00/100 dollars * * *."

Section 3105.18, Revised Code, is pertinent to our consideration here and reads as follows:

"The court of common pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

And, under Section 3105.20, Revised Code, the court retains "full equity powers and jurisdiction" when resolving the factors enumerated in Section 3105.18, Revised Code.

Sections 11993 and 11990, General Code, prior to 1951, specifically provided that when a divorce was granted because of the husband's aggression that the court shall allow "such alimony out of her husband's property as it deems reasonable * * *," and that when a divorce was granted by reason of the aggression of the wife, the husband "shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable * * *."

Judge Zimmerman in *DeMilo* v. *Watson*, 166 Ohio St., 433, 143 N. E. 2d, 707, states the following at page 436:

"These amendments removed the limitations on the powers of the court in alimony and division of property matters in divorce proceedings which had previously existed, and their effect is to permit the court a free and full exercise of its general equity powers to adjust property rights between opposing spouses as it determines will serve the ends of justice. Whether in the judgment such adjustment is called 'alimony' or 'division of property' is not important."

It is our view that the Legislature, by completely eliminat-

ing reference to "aggression" on the part of either the husband or the wife from the statute on alimony as it presently reads, intended that such factor not be considered in determining the amount of alimony or division of property to be allowed a spouse in a divorce case. Property that came to either by their marriage, the earning capacity of either, and the value of the real or personal estate of either are the elements now to be considered in determining the alimony or division of property.

*Expressio unius est exclusio alterius.*

Although the recent cases of the Ohio Supreme Court dealing with Section 3105.18, Revised Code, as it presently reads, do not answer this precise question, they do lend support to the position taken by this court in this case. *Hunt* v. *Hunt*, 169 Ohio St., 276, 159 N. E. 2d, 430; *De Milo* v. *Watson*, 166 Ohio St., 433, 143 N. E. 2d, 707; *Gage* v. *Gage*, 165 Ohio St., 462, 136 N. E. 2d, 56.

Accordingly, we affirm that part of the judgment which grants a divorce to the husband because of the aggression of the wife, and reverse, as contrary to law, such part of the judgment which deals with the allotment of alimony and division of property, and remand the same to the trial court for further proceedings not inconsistent with this opinion.

Cause reversed in part and affirmed in part and remanded.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.